**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **CX REINSURANCE COMPANY LIMITED,** | * | |
| Plaintiff, | * | |
| v. | * | Case No. RWT 15-cv-03132 |
| **BENJAMIN L. KIRSON,** *et al.*, | * | |
| Defendants. | * | |

**MEMORANDUM OPINION**

On October 15, 2015, Plaintiff CX Reinsurance Company, Ltd. ("CX Re") filed a Complaint against Defendant Benjamin Kirson ("Kirson") seeking rescission of a commercial general liability insurance policy on the grounds that Kirson made a material misrepresentation on his application by falsely indicating that there had never been any lead paint violations in the buildings to be covered by the policies. ECF No. 1. Devon S. Johnson ("Johnson") obtained a $1,628,000 judgment against Kirson in the Circuit Court for Baltimore City for personal injuries arising from lead paint exposure. ECF No. 44 Ex. D. On January 18, 2017, this Court granted Johnson's Motion to Intervene [ECF No. 19] in the action with limitations on his taking of discovery. ECF No. 38. Currently pending before the Court is Johnson's Motion for Temporary Restraining Order And/Or Preliminary Injunction [ECF No. 43], in which he seeks to enjoin CX Re and Kirson from entering into any settlement that purports to rescind or modify the insurance policy. For the reasons that follow, Johnson's motion will be denied.

**I.     Standard of Review**

The standard for granting a temporary restraining order "is the same as for granting a preliminary injunction." *Montgomery v. Hous. Auth. of Baltimore City*, 731 F. Supp. 2d 439, 441 (D. Md. 2010). A party seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Montgomery*, 731 F. Supp. 2d at 441 (citing same standard for a temporary restraining order). The movant bears the burden of establishing all four factors. *Montgomery*, 731 F. Supp. 2d at 441-42.

**II.    Johnson Is Not Entitled to a Temporary Restraining Order or Preliminary Injunction.**

    a.  <u>Johnson has not established a likelihood of success on the merits</u>.

Johnson argues that he is likely to succeed on the merits because "rescission cannot take place with respect to a third-party beneficiary under a liability insurance policy without his consent." ECF No. 43 at 4. He cites to the Restatement (Second) of Contracts § 311, comment *e* for the proposition that "a loss victim like Johnson who is the beneficiary of a liability policy cannot have that policy rescinded from under his feet." *Id.*

Johnson has not established a likelihood of success on the merits of this claim because he has not established that he is an intended third-party beneficiary of the insurance contract and therefore cannot show that he is likely to succeed in enjoining its rescission. In *CX Reinsurance Co. v. Levitas*, Civ. No. JKB-15-2174, 2016 WL 4888881, at *2 (D. Md. Sept. 15, 2016), *appeal docketed*, No. 16-2228 (4th Cir. Oct. 25, 2016)—a similar case cited by neither party—Judge

Bredar explicitly rejected arguments identical to the ones made by Johnson in this case.[1] Judge Bredar concluded that the defendant injured by lead paint exposure in that case, Brayon Loyal, was merely an "incidental beneficiary of the policy," and "[a]s such, she ha[d] no enforceable right by virtue of the policy against either CX Re, the promisor, or the insureds, the promisees." *Id.* Judge Bredar also noted that even if Loyal was a third-party beneficiary of the contract, if "the policy was rescinded due to material misrepresentation at its inception, then any claim that Loyal would make under the policy is also subject to the same defense."[2] *Id.* at *3. Judge Bredar held that the "theory of promissory estoppel [was] inapplicable" in that case because "CX Re made no promises to [Loyal] of any kind, and it [did] not stand in the role of promisor to her," *id.*, and he rejected Loyal's argument that her rights were irrevocable because the injuries were sustained when she was an infant—the same argument that Johnson makes here, s*ee id.* at *4. Last, Judge Bredar held that "[c]omment *e* simply reinforces the earlier conclusions that Loyal was only an incidental beneficiary with no enforceable rights in the insurance policy and that she had no greater rights to indemnification under the policy than [the insured] may have had." *Id.* at *4. As in that case, Johnson has "cited no Maryland case law in which comment *e* to § 311 has been applied, much less in which it has been found to trump an insurer's valid defenses to enforcement of the contract." *Id.* Because all of Johnson's arguments have already been explicitly rejected by this Court, he is unable to show a likelihood of success on the merits and his motion for a temporary restraining order must be denied.

---

[1] It is disappointing that Johnson's counsel failed to bring this case to the Court's attention in light of the fact that Johnson's counsel was the one to advance the same arguments rejected by Judge Bredar in that case.

[2] Judge Bredar denied CX Re's motion to dismiss pursuant to Rule 42(a)(2) in that case because no evidence of the landlord's material misrepresentations had been provided to the court. Here, by contrast, CX Re provided evidence of a lead paint violation issued to Kirson on February 27, 1997, and Kirson's July 11, 1997, insurance application in which he denies ever having lead paint violations in the buildings sought to be insured. ECF No. 44 Ex. A, I.

      b. <u>Johnson has not established a likelihood of irreparable harm</u>.

Even if Johnson had been able to show a likelihood of success on the merits, he has not established a likelihood of irreparable harm in the absence of a temporary restraining order or preliminary injunction. A movant seeking preliminary relief must present more than a "possibility" of irreparable harm. Rather, the movant must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22. The irreparable harm must be "neither remote nor speculative, but actual and imminent." *De Simone v. VSL Pharmaceuticals, Inc.*, 133 F. Supp. 3d 776, 799 (D. Md. 2015) (quoting *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991)). Irreparable injury is "suffered when monetary damages are difficult to ascertain or are inadequate." *Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co.*, 22 F.3d 546, 551 (4th Cir. 1994) (citation omitted).

Johnson states only that he "may suffer irreparable injury" in the absence of interim injunctive relief because "if the settlement is found to effect a rescission of the policy, it may impair any rights Johnson has to collect on his judgment." ECF No. 43 at 9. This falls far short of showing that any alleged irreparable harm is "actual and imminent." Additionally, Johnson has not explained how money damages are difficult to ascertain or are inadequate given that he holds a monetary judgment against Kirson. Accordingly, Johnson has failed to establish a likelihood of irreparable harm.

      c. <u>Johnson has not established that the balance of equities tips in his favor</u>.

In support of this element, Johnson relies again on the assertion that he may be irreparably harmed in the absence of preliminary injunctive relief. ECF No. 43 at 9-10. As discussed above, however, he has not made a showing of irreparable harm, and thus cannot show that the balance of equities tips in his favor on this basis. And as CX Re points out, it is also a

victim of Kirson's wrongdoing, and would suffer harm if unable to rescind contracts that are allegedly void due to Kirson's material misrepresentations. ECF No. 44 at 12-13. At best, the balance of equities favors neither side.

> d. <u>Johnson has failed to address whether a temporary restraining order or preliminary injunction would be in the public interest</u>.

Johnson failed to address this element entirely, and this alone would preclude his ability to obtain preliminary relief even if he had been able to establish the other elements. Regardless, granting preliminary relief would contravene the recognized public policy in favor of private settlement of disputes. *See Crandell v. United States*, 703 F.2d 74, 75 (4th Cir. 1983) ("Public policy, of course, favors private settlement of disputes."). Therefore, preliminary injunctive relief would not be in the public interest.

## III.  Conclusion

For the reasons discussed above, Johnson has established none of the four elements required for the Court to grant a temporary restraining order or preliminary injunction. Therefore, Johnson's Motion for Temporary Restraining Order and/or Preliminary Injunction [ECF No. 43] will be denied. A separate Order follows.

Date:  March 22, 2017                                       /s/
                                                   ROGER W. TITUS
                                           UNITED STATES DISTRICT JUDGE