IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**CX REINSURANCE COMPANY LIMITED,**

*Plaintiff*

v.

**DEVON S. JOHNSON,**

*Intervenor*

Case No. RWT 15-cv-3132

## MEMORANDUM OPINION AND ORDER

Before the Court is Intervenor's Motion for Leave to File Amended Pleading [ECF No. 72]. After considering the Motion, Plaintiff's Opposition [ECF No. 73], and Intervenor's Reply [ECF No. 76], this Court will deny Intervenor's motion for failure to demonstrate good cause, as well as the prejudice and futility of his proposed amendments.

### I. BACKGROUND

CX Reinsurance Company Limited ("CX") provided commercial general liability insurance for Benjamin L. Kirson ("Kirson") in connection with various residential buildings that Kirson leased to others. ECF No. 17 ¶ 8, 9. On February 23, 2016, CX sued Kirson, seeking rescission of its insurance contract based on alleged misrepresentations of material facts in Kirson's application for insurance. *Id.* ¶ 1. On August 10, 2016, Devon S. Johnson ("Johnson"), having won a state court judgment of $1,628,000 against Kirson for personal injuries resulting from lead-paint exposure, moved to intervene alleging an interest in the insurance policies. ECF No. 19 ¶ 2, 4. On January 18, 2017, the Court permitted Johnson to intervene, but with limited discovery. ECF No. 38. Johnson filed his Answer to CX's First

Amended Complaint on the same day.  ECF No. 39.  On July 24, 2017—over six months later—Johnson moved to amend his Answer because of a settlement between CX and Kirson.  ECF Nos. 72, 72-1 at 3–4.  Johnson now seeks to change admissions to denials, add affirmative defenses, and assert two new counterclaims against Plaintiff.  ECF No. 72-4.

II.     ANALYSIS

A scheduling order may only be modified "for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  In reviewing good cause, courts consider the "diligence of the moving party," as well as "the danger of prejudice to the non-moving party, the length of delay and its potential impact on judicial proceedings."  *Montgomery v. Anne Arundel Cty.*, 182 F. App'x. 156, 162 (4th Cir. 2006); *Tawwaab v. Va. Linen Serv.*, 729 F. Supp. 2d 757, 768–69 (D. Md. 2010) (internal quotations omitted).  Once the deadlines for amending as a matter of course have passed, a party may only amend a pleading "with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Courts generally permit amended pleadings under Rule 15(a)(2) but not if "they would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."  *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999).

Johnson fails to demonstrate good cause for modifying the scheduling order.  The deadline under the scheduling order to amend pleadings was April 15, 2016.  *See* ECF No. 14.  Although Johnson was not a party at that time, he waited *more than six months* after becoming a party to file his Motion for Leave to Amend.  *See* ECF No. 72.  Johnson cannot demonstrate good cause because *all of the information* relevant to the amendments was known at the time of his original filing.  *See id.*  Johnson attempts to rely on the settlement between CX and Kirson as a "new fact."  *See* ECF No. 72-1 at 4.  However, any settlement itself is irrelevant to the legal

issues in dispute—alleged material misrepresentations made by Kirson in his insurance application with CX.  In any event, the settlement does not and cannot explain the changing of admissions to denials, *see* ECF No. 72-4 at 2–10, and the addition of two new affirmative defenses, *see* ECF No. 72-4 at 11.  Accordingly, the Court finds that Johnson lacked diligence in seeking to amend his pleading.

Additionally, CX would be prejudiced by Johnson's amendments at this late stage in the litigation.  CX relied on Johnson's original Answer when it agreed to settlement terms with Kirson.  ECF No. 73 at 6–7.  The legal position of this case and CX's cost-benefit based on the remaining length of this litigation would be materially altered if Johnson were permitted to amend his pleading at this late date.  Furthermore, to the extent that Johnson raises new counterclaims on a theory of his alleged status as a third-party beneficiary, *see id.* at 16–21, this Court has already rejected that legal premise.  *See* ECF No. 46 (denying a temporary restraining order in this case and rejecting Intervenor's legal argument that he is a third party beneficiary to the insurance contract in dispute).  Therefore, Johnson's amendments would be both prejudicial and futile.

### III. CONCLUSION

This Court finds that Johnson has failed to demonstrate good cause for his Motion, and his proposed amendments would be both prejudicial and futile.  Accordingly, it is, this 13th day of November, 2017, by the United States District Court for the District of Maryland,

**ORDERED**, that Intervenor's Motion for Leave to File Amended Pleading [ECF No. 72] is hereby **DENIED**.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE