CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 24, 2018

LETTER TO COUNSEL

    RE: *CX Reinsurance Company Limited, f/k/a CNA Reinsurance Company Limited v. Devon S. Johnson*; Civil Case No. RWT-15-3132

Dear Counsel:

Pursuant to Judge Titus's January 19, 2017 Order, this matter has been referred to me for discovery disputes and related scheduling matters. [ECF No. 40]. Presently pending is CX Reinsurance Company Limited's ("CX Re") Motion to Deem Facts Admitted by Intervenor-Defendant Devon Johnson [ECF No. 98], Intervenor-Defendant Devon S. Johnson's ("Johnson") Opposition [ECF No. 100], and CX Re's Reply [ECF No. 102]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, CX Re's Motion to Deem Facts Admitted is denied, although Johnson is ordered to amend certain responses in accordance with this letter opinion.

## I. Background

In this action, CX Re seeks to rescind commercial general liability insurance policies ("Policies") issued to Benjamin L. Kirson ("Kirson"), and other named insureds in 1997, 1998, and 1999. Pl.'s First Am. Compl., [ECF No. 17 ¶¶ 1, 7, 8]. The Policies provide insurance coverage for certain risks, including lead exposure, relating to specified residential rental properties in Baltimore, Maryland ("Properties"). *See* Policies, [ECF Nos. 1-2, 1-3].

In particular, CX Re alleges that Kirson made a misrepresentation of material fact by falsely answering "No" to Question 16 of the Application upon which the Policies were issued, which asks whether "the [i]nsured ever had any lead paint violations in the buildings." [ECF No. 17 ¶¶ 1, 13, 19-24]. CX Re argues that, if Kirson had answered this question truthfully, CX Re would not have issued the Policies, or would have issued the Policies subject to substantially higher premiums or substantially different terms. *Id.* ¶ 32. CX Re asserts that, "after learning of and investigating Kirson's misrepresentation . . . , [it] filed this rescission action." *Id.* ¶ 34.

On August 8, 2016, Johnson won a $1,628,000.00 judgment against Kirson in State court, representing damages for injuries sustained from lead paint exposure at a property covered by CX Re's policy (741 East 36th Street, Baltimore, Maryland). *Devon Johnson, A Minor By His Next Friend v. Benjamin L. Kirson*, 24-C-14005926; [ECF No. 19 ¶ 2]. Thus, to protect his interests, demonstrate that CX Re's policy remains in effect, and ensure that "rescission is inoperative and invalid as to his claims[,]" Johnson intervened in this action on January 18, 2017. [ECF Nos. 19 ¶¶ 3, 38]. Thereafter, on November 1, 2017, CX Re served on Johnson its Requests

for Admission ["RFAs"] [ECF No. 98-3], and, on November 8, 2017, Johnson served his responses thereto [ECF No. 98-4].

The instant discovery dispute revolves around CX Re's RFA Nos. 1-24 and 26-29. [ECF No. 98 at 6]. These RFAs seek four categories of admissions: (1) admissions relating to Kirson's procurement of the Policies at issue (RFA Nos. 1-3, 14, 15); (2) admissions relating to the contents contained within the Kirson Application (RFA Nos. 4-13, 26, 28, 29); (3) admissions relating to a lead paint violation at 721 East 23rd Street in Baltimore (RFA Nos. 16-20); and (4) admissions relating to Johnson's tenancy at 341 East 36th Street in Baltimore (RFA Nos. 21-24, 27). [ECF No. 98-3]. Johnson responded to the first two categories of RFAs (RFA Nos. 1-15, 26, 28, 29), relating to the procurement of the policies and the information contained in the Application, stating that he had "no personal knowledge with which to either admit or deny th[e] request, as he was not a party to the application/contract in question. Th[e] request is more properly directed to the former Kirson parties." [ECF No. 98-4 at 1-6, 12, 13-14]. Further, Johnson denied (in his amended responses) each RFA in the third category, relating to 721 East 23rd Street, stating that he had "no knowledge of any contact with a property located at" that address. [ECF No. 98-5 at 7]. Finally, Johnson responded to the fourth category, relating to his tenancy at 741 East 36th Street, stating that "he ha[d] no personal recollection from which to either admit or deny th[e] request, as he was born on 4/18/97 and was age 0-3 when he resided" there between 1997-2000. *Id.* CX Re requests that this Court deem each of these RFAs admitted, arguing that, had Johnson conducted a reasonable inquiry into the RFAs, as required by Federal Rule of Civil Procedure 36, Johnson would necessarily have admitted each of the facts contained therein. [ECF No. 98 at 6].

## II. Legal Standards

Federal Rule of Civil Procedure 36 provides that "[a] party may serve on any other party a written request to admit[] . . . the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). "The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Louis v. Martinez*, No. 5:08-CV-151, 2011 WL 1832808, at *3 (N.D.W. Va. May 13, 2011). In responding to a request:

> [i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. . . . The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4). As such, "a party may not refuse to admit or deny a [RFA] based upon a lack of personal knowledge if the information relevant to the request is reasonably available to him." *Martinez*, 2011 WL 1832808, at *3 (citation omitted). Moreover, pursuant to the Rule's

language, "[i]f the party is asserting that it cannot admit or deny due to lack of knowledge or information, it must state that it has first made a reasonable inquiry into the matter." *Ball-Rice v. Bd. of Educ. of Prince George's Cty.*, No. CIV.A. PJM-11-1398, 2013 WL 2299725, at *2 (D. Md. May 24, 2013) (citing Fed. R. Civ. P. 36(a)(4)). "What constitutes a 'reasonable inquiry' . . . depends upon the facts of each case." *Bado v. Southland Indus., Inc.*, No. CV PJM-07-1081, 2008 WL 11366413, at *1 (D. Md. May 21, 2008) (citing *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.*, 174 F.R.D. 38, 43 (S.D.N.Y. 1997)). "Generally, a 'reasonable inquiry' is limited to review and inquiry of those persons and documents that are within the responding party's control[,]" and includes investigation of the party's "officers, administrators, agents, employees, servants, enlisted or other personnel, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response." *T. Rowe Price*, 174 F.R.D. at 43; *see Dulansky v. Iowa-Illinois Gas & Elec. Co.*, 92 F. Supp. 118, 123 (S.D. Iowa 1950) (holding that it would be improper to "require a respondent to ascertain from third persons, known to him and to the court to be hostile or interested in the outcome of the suit, facts upon which to predicate a sworn response[.]"); *but see Uniden Am. Corp. v. Ericsson Inc.*, 181 F.R.D. 302, 304 (M.D.N.C. 1998) (hereinafter *Uniden America*) (holding that a respondent "must make inquiry of a third party when there is some identity of interest manifested, such as by both being parties to the litigation, a present or prior relationship of mutual concerns, or their active cooperation in the litigation, and when there is no manifest or potential conflict between" them).

Importantly, "[o]n finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6). "Ordinarily, a district court should first order an amended answer, and deem the matter admitted only if a sufficient answer is not timely filed. . . ." *Louis*, 2011 WL 1832808, at *2. However, "[i]t is often appropriate to order the matter admitted where a party responds to a Rule 36 request in bad faith or does so evasively." *Ball-Rice*, 2013 WL 2299725, at *2. Moreover, courts have deemed RFAs admitted when a party fails to state that it made reasonable inquiry before asserting a lack of knowledge or information as a reason for failing to admit or deny a request. *See e.g.*, *Louis*, 2011 WL 1832808, at *3 (admitting defendants' responses because, in failing to state that they made a reasonable inquiry, "[a]t best, Defendants committed an oversight and, at worst, Defendants abused the discovery process by answering with multiple evasive and meritless responses."); *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 499 (D. Md. 2000) ("Failure to adhere to the plain language of this statute requires that the fact in question be admitted.") (citing *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981)).

### III. Johnson's Failure to State that He Made a "Reasonable Inquiry" is Harmless as to RFA Categories 1, 2, and 3, but not to Category 4.

Johnson's Responses to RFA categories 1, 2, and 4 failed to comply with the Requirements of Rule 36 because, prior to asserting that he could not admit or deny each RFA due to lack of knowledge, Johnson failed to state that he first made a reasonable inquiry into the matter. *See e.g., Ball-Rice*, 2013 WL 2299725, at *2; *Jones v. Zimmer*, No. 2:12-CV-01578-

JAD, 2014 WL 6772916, at *6 (D. Nev. Dec. 2, 2014) ("As the disputed responses in question fail to state that a reasonable inquiry was made, they violate Rule 36."); *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 15 (D.D.C. 2007) (holding that a party's responses were deficient because the party failed to state that it made a "reasonable inquiry" prior to finding insufficient information to either admit or deny the RFAs). Further, Johnson's Responses to the third category of RFAs were also insufficient because, despite denying each RFA relating to 721 East 23rd Street in Baltimore, Johnson's denials stemmed from having "no knowledge of any contact with" that property. [ECF No. 100-1 at 7-10]. As such, his denials were "on the basis of insufficient information[,]" which Rule 36 does not permit. *Zimmer*, 2014 WL 6772916, at *6 ("Indeed, it is hard to understand how an answering party can 'truthfully' deny a request for an admission while simultaneously asserting that he lacks sufficient information to respond to it."). Thus, Johnson's denials here are insufficient to avoid the requirements of making a reasonable inquiry into the matter. *Id.* For reasons discussed below, while Johnson's Rule 36 violations are harmless as to the first three RFA categories, he must amend his responses to CX Re's RFAs in category four, (RFA Nos. 21-24, 27), because a reasonable inquiry may subsequently permit him to admit or deny the facts contained therein.

### 1. Categories 1, 2, & 3 – RFAs Relating to Kirson's Procurement of the Policies, the Kirson Application, and 721 East 23rd Street, Baltimore

As outlined above, the first three categories of RFAs seek admissions from documents regarding: (1) Kirson's procurement of the Policies; (2) the Kirson Application; and (3) a lead paint violation at 721 East 23rd Street in Baltimore. Johnson, though, was not involved in any of those events. Further, because Johnson won a $1,628,000.00 judgment against Kirson for lead paint injuries sustained at his property, Kirson is a hostile third party. As such, Johnson's reasonable inquiry would not have to include seeking information from Kirson. *See Dulansky*, 92 F. Supp. at 123 (holding that, under Rule 36, it would be improper "to require a respondent to ascertain from third persons, known to him and to the court to be hostile or interested in the outcome of the suit, facts upon which to predicate a sworn response[.]"). CX Re argues instead that, because these RFAs seek to confirm information that is: (a) "clear from the face of [] the Application[;]" and (b) contained within other documents already produced by Kirson, a reasonable inquiry would necessarily cause Johnson, even without contacting Kirson, to admit each RFA. [ECF No. 98 at 7-8, 10-13]; *see* [ECF No. 102 at 5] (stating that "Johnson could [] have answered simply by reviewing the documents").

CX Re's argument fails. Both CX Re and Kirson produced the documents upon which CX Re contends Johnson must base his answers. *See, e.g.*, [ECF No. 98 at 11] (stating that Johnson, "in light of the documents CX Re and Kirson produced[,]" should have admitted the RFAs); *id.* at 13 (stating that, because "Kirson produced certified copies of the Health Department's inspection records of 721 East 36th Street," Johnson should have admitted RFA Nos. 16-20); [ECF No. 102 at 6] (same). Asking Johnson to confirm the contents within these documents is, in essence, also a request for Johnson to admit the genuineness of these documents. *See In re Peregrine Fin. Grp. Customer Litig.*, No. 12 C 5546, 2015 WL 1344466, at *6 (N.D. Ill. Mar. 20, 2015) (stating that only after the respondent admitted that the documents

were genuine did the RFAs then ask the respondent "to respond in greater detail by identifying more detailed portions of each document"). Thus, despite Johnson having the same access to the documents as the other parties, prior to confirming the information therein, the documents would need to be authenticated. Moreover, because the documents were not created by Johnson, but by CX Re and Kirson, hostile parties, Johnson was under no obligation to contact them for authentication purposes prior to responding to the RFAs. *See e.g.*, *Bado*, 2008 WL 11366413, at *2 (holding that the defendant was under an obligation to "make reasonable efforts to authenticate" the documents it created, but that it need not authenticate documents created by third parties); *Hatchett v. United Parcel Serv., Inc.*, No. 13-CV-1183 MCA/SMV, 2014 WL 12786897, at *2-3 (D.N.M. Oct. 1, 2014) (holding that, in claiming it lacked sufficient information either to admit or deny the RFA, the defendants need not have "obtained the information from the [third parties] that created the documents"); *Hanley v. Como Inn, Inc.*, No. 99 C 1486, 2003 WL 1989607, at *2 (N.D. Ill. Apr. 28, 2003) (holding that the defendant was "certainly not required to ask plaintiffs" or his brother (with whom he lacked an amicable relationship) "about the genuineness of the documents they produced"). As such, because the scope of Johnson's reasonable inquiry into these RFAs, had it been conducted, would not have altered his responses, CX Re's request that this Court deem them admitted pursuant to Rule 36 is denied.

## 2. Category 4 – RFAs Relating to 741 East 36th Street, Baltimore

CX Re contends that Johnson should have admitted RFA Nos. 21-24 and 27 (seeking admissions regarding Johnson's tenancy at 741 East 36th Street in Baltimore), because the facts alleged therein mirrored the facts which, in his underlying case against Kirson: (1) Johnson alleged in his Complaint; and/or (2) Johnson's mother testified to at trial. [ECF Nos. 98 at 9-10; 102 at 6]. Johnson, on the other hand, contends that he provided the "most honest, complete admission" possible, by responding that he "has no personal recollection" from which to either admit or deny the RFAs because he was "age 0-3" when he resided at the property. [ECF No. 100 at 9]. Nonetheless, he admits that he and his mother offered evidence to prove these facts at his underlying trial against Kirson. *Id.*

Johnson must ascertain information from third parties "when there is some identity of interest manifested, such as by both being parties to the litigation, a present or prior relationship of mutual concerns, or their active cooperation in the litigation, and when there is no manifest or potential conflict between the party and the third party." *Uniden America*, 181 F.R.D. at 304. In *Uniden America*, a RFA asked the defendant corporation to authenticate another corporation's letter. *Id.* at 303-04. The court stated that, because the plaintiff demonstrated that the corporation in question had been cooperating with the defendant in the litigation, and the defendant had failed to "show[] any conflict between itself, and [the corporation] so as to make a Rule 36 inquiry unfair," the defendant could be compelled to make inquiry of the corporation. *Id.* at 304.

Here, unlike the first three categories of CX Re's RFAs (requesting Johnson to confirm the contents of documents produced by hostile third parties), "a present or prior relationship of

mutual concerns" exists between Johnson and his mother, Ms. Vernell Dorsey. At the very least, a "prior relationship of mutual concerns" existed between the two, because Ms. Dorsey, as Johnson's next friend, brought, on his behalf, his underlying lead paint claims against Kirson.[1] [ECF No. 98-1 at 5]. For example, Johnson admits that, together, they sought to prove the very facts contained within these RFAs. [ECF No. 100 at 9]. As such, even though Johnson lacks "personal recollection" of the requested information, because he and his mother shared identical interests as to the subject matter, and he has failed to identify any conflict, he must make inquiry of Ms. Dorsey. Finally, however, CX Re's request that this Court deem these RFAs admitted is denied, because "a district court should first order an amended answer." *Louis*, 2011 WL 1832808, at *2. Thus, Johnson is hereby ordered to conduct reasonable inquiry of Ms. Dorsey, and to amend his answers to RFA Nos. 21-24 and 27.

## IV. Attorneys' Fees

In light of Johnson's deficient responses to the fourth category of RFAs, CX Re asks that this Court award it the reasonable expenses and attorneys' fees incurred in bringing this Motion. [ECF No. 98 at 14-15]. Rule 37 provides that, if a motion to compel:

> is granted--or if the . . . requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A). However, a "court must not order [] payment if . . . the opposing party's nondisclosure, response, or objection was substantially justified[.]" *Id.* "A legal position is 'substantially justified' if there is a 'genuine dispute' as to proper resolution or if 'a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" *Proa v. NRT Mid Atl., Inc.*, 633 F. Supp. 2d 209, 213 (D. Md. 2009), *aff'd sub nom. Proa v. NRT Mid-Atl., Inc.*, 398 F. App'x 882 (4th Cir. 2010) (quoting *Decision Insights, Inc. v. Sentia Grp., Inc.*, 311 Fed. Appx. 586 (4th Cir. 2009)).

Here, Johnson's insufficient answers to RFA Nos. 21-24 and 27 were substantially justified, such that an award of expenses and attorneys' fees to CX Re pursuant to Rule 37(a) is not warranted. Because a reasonable inquiry is generally "limited to review and inquiry of those persons and documents that are within the responding party's control," *T. Rowe Price*, 174 F.R.D. at 43, Johnson could reasonably believe, at the time he submitted his responses to RFA Nos. 21-24 and 27, that they each contained the "most honest, complete admission" possible. [ECF No. 100 at 9]. Thus, even though this Court determined that Johnson must make inquiry of Ms. Dorsey and amend his responses, CX Re's request that Johnson be ordered to pay its

---

[1] Because Johnson specifically intervened in this action to protect the judgment he won against Kirson, and to demonstrate that CX Re's attempt at "rescission is inoperative and invalid as to his claims[,]" [ECF Nos. 19 ¶ 3, 38], in all likelihood, he and Ms. Dorsey continue to share mutual concerns.

expenses and attorneys' fees incurred in filing this Motion is denied.

V.Conclusion

For the reasons discussed above, CX Re's Motion to Deem Facts Admitted [ECF No. 98] is DENIED, though Johnson is ordered to make reasonable inquiry and amend his responses to RFA Nos. 21-24 and 27. Despite the informal nature of this letter, it will be flagged as an Opinion and docketed as an Order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge