UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 31, 2018

LETTER TO COUNSEL

      RE:    *CX Reinsurance Company Limited, f/k/a CNA Reinsurance Company Limited v. Devon S. Johnson*; Civil Case No. RWT-15-3132

Dear Counsel:

Pursuant to Judge Titus's January 19, 2017 Order, this matter has been referred to me for discovery disputes and related scheduling matters. [ECF No. 40]. Presently pending is Intervenor-Defendant Devon Johnson's ("Johnson") Request for Emergency Relief [ECF No. 107], relating to CX Reinsurance Company Limited's ("CX Re") alleged failure to comply with this Court's January 19, 2018 Order ("Discovery Order") [ECF No. 104], and CX Re's Opposition to the requested relief [ECF No. 108]. A telephone conference was held on January 31, 2018. For reasons discussed below, Johnson's request for relief is denied.

**I.    Background**

The factual background has been recited in prior orders and will not be repeated here. Relevant to this motion, upon the dismissal of the original defendant, Benjamin L. Kirson ("Kirson"), this Court permitted Johnson to "file a motion to compel responses to discovery requests that [Kirson] originally propounded." [ECF No. 83 at 1]. On October 27, 2017, Johnson filed his motion, requesting that this Court compel CX Re to produce certain documents. [ECF No. 89]. On January 19, 2018, after full briefing, this Court granted Johnson's motion in part, and ordered CX Re to produce all "documents in its or Pro UK's possession relating to, or alleging, deleterious lead paint conditions at Kirson-insured properties prior to August 1, 1997[.]" [ECF No. 104 at 5].

The instant discovery dispute revolves around CX Re's alleged deficient document production in response to that Order. [ECF Nos. 107, 108]. Specifically, on January 26, 2018, CX Re produced to Johnson responsive documents totaling only twelve pages. [ECF No. 108 at 1]. CX Re contends that it and Pro UK "simply do not possess any additional documents" relating to dangerous lead paint conditions at Kirson-insured properties prior to August 1, 1997. *Id.* Johnson, meanwhile, argues that, because of their relationship, CX Re must, at a minimum, possess additional documents sent by Pro IS to Pro UK "explaining the evidence of lead paint at Kirson-insured properties . . . to justify settling lead paint claims." [ECF No. 107 at 4-5] (arguing that in *Cx Re v. Leader*, Civil No. JKB-15-3054, CX Re admitted that Pro IS, "in the regular course of their duties, write reports that are sent to or shared with Pro UK or CXRe"). Additionally, Johnson requests that this Court reconsider its Discovery Order and require CX Re to produce documents relating to deleterious lead paint conditions at Kirson-insured properties

prior to August 1, 1999, instead of August 1, 1997. [ECF No. 107 at 8-9].

## II. Johnson's Request for Additional Documents

"When a party seeks to compel discovery, it must 'demonstrate that the documents they seek to compel do, in fact, exist and are being unlawfully withheld.'" *AGV Sports Grp., Inc. v. LeMans Corp.*, No. CIV. GLR-11-0016, 2013 WL 3776954, at *1 (D. Md. July 16, 2013) (quoting *Bethea v. Comcast*, 218 F.R.D. 328, 329–30 (D.D.C.2003)). Importantly, "[a] party's suspicion that another party has failed to respond to document requests fully and completely does not justify compelled [production]." *Id.* (quoting *Bethea*, 218 F.R.D. at 329-30); *see Hamilton v. Rhoads*, No. C 11–0227 RMW (PR), 2012 WL 4097748, at *2 (N.D. Cal. Sept. 17, 2012) (holding that courts cannot compel production of documents that do not exist).

Here, while Johnson suspects that CX Re has failed to produce documents in its or Pro UK's possession responsive to this Court's Discovery Order, he has failed to make an adequate showing that such documents do, in fact, exist. Despite Johnson's contentions, this Court currently remains wholly unable to determine the full scope of the relationships and the respective duties among CX Re, Pro UK, Pro IS, "Tawa Management Limited" or "Tawa PLC," and Pennsylvania National Mutual Casualty Insurance Company. The reason for the dearth of information is that Johnson failed to propound any non-duplicative discovery requests to CX Re, though authorized to do so since May 3, 2017. [ECF No. 59]. Discovery in this case is now closed, [ECF No. 42], and Johnson's request to extend discovery was denied by Judge Titus, [ECF No. 91]. Thus, this Court, like Johnson in his request for relief, [ECF No. 107 at 4], is left to interpret, without additional factual context, the affidavits of Stephen McFeely and Marvin Mohn, filed in another case. *See Leader*, Civil No. JKB-15-3054, ECF Nos. 28-1, 28-2. Contrary to Johnson's position, however, these affidavits fail to demonstrate either that Pro IS: (1) in settling Kirson-insured claims, required settlement authority from CX Re or Pro UK; or (2) exchanged documents relating to deleterious lead paint conditions at Kirson-insured properties with Pro UK or CX Re. Instead, Mr. McFeely attested that, prior to February 10, 2014, Pro IS administrators "had no need for any authority from Pro UK and, thus, had no reason to act upon or communicate to Pro UK the information . . . received in the course of their claims handling." *Leader*, Civil No. JKB-15-3054, ECF No. 28-1 ¶ 7]. Moreover, even if Mr. McFeely's statement is construed to apply only to the specific claim in *Leader*, it does not amount to an admission that Pro IS required settlement authority from, or exchanged documents with, Pro UK to settle Kirson-insured claims. CX Re has certified that it has produced all documents responsive to this Court's Order, and, as such, without more evidence to the contrary, Johnson's request for relief must be denied.

## III. Johnson's Request for Reconsideration of this Court's Discovery Order

Johnson asks the Court to reconsider its Discovery Order and to require CX Re to produce documents relating to or alleging deleterious lead paint conditions prior to August 1, 1999, rather than prior to August 1, 1997. [ECF No. 107 at 7-8]. Essentially, Johnson references an affidavit from Lavetta McCollum, CX Re's underwriter, who states that, in making a decision

whether to renew a policy, CX Re relied "on the information the applicant recorded on both its original Supplemental Application and the Supplemental Application it submitted with its renewal request." [ECF No. 89-12 ¶ 8]. Counsel acknowledges that the only Supplemental Application that has been produced in this case was the application for the policy that became effective on August 1, 1997. The Supplemental Applications that presumably were submitted for the renewals on August 1, 1998, and August 1, 1999, have not been produced. As noted above, discovery is now closed.

To the best of this Court's understanding, based on the arguments made during the telephone conference, Johnson intends to argue to Judge Titus that, even if rescission were to be appropriate on the basis of a misrepresentation in Kirson's 1997 Supplemental Application, because new Supplemental Applications were required to issue renewal policies in 1998 and 1999, the rescission would only cover the policy in force from 1997-1998.

In light of the specific posture of the parties in this case, this Court declines to reconsider its Discovery Order for two reasons. First, CX Re has represented that, even if the date were amended to August 1, 1999, CX Re has no additional documents to produce. Thus, the request for reconsideration, as a practical matter, is moot. Second, however, because Johnson does not have copies of the 1998 and 1999 Supplemental Applications and cannot establish what representations were or were not made in those documents, the production of any documents alleging deleterious lead paint conditions between 1997 and 1999 would neither strengthen nor undermine Johnson's position before Judge Titus. The documents would only be relevant if they would permit Johnson to prove the falsity of a representation made in one of the Supplemental Applications, which is impossible under the circumstances.

In denying Johnson's request for reconsideration, on facts specific to this case, this Court expresses no opinion as to the outcome of any similar dispute that may arise in any of the other pending rescission cases brought by CX Re.

### IV. Briefing Schedule

Currently, Judge Titus has the following briefing schedule in place:

1. Johnson's deadline to respond to Plaintiff's Motion for Summary Judgment [ECF No. 79] and to file any cross motion is February 2, 2018;

2. Plaintiff's deadline to file any reply to Intervenor Johnson's Response and to respond to any cross motion is March 16, 2018; and

3. Intervenor Johnson's deadline to file any reply to Plaintiff's Response is April 16, 2018.

In light of the brief delay in adjudicating Johnson's request for emergency discovery relief, although no relief was ultimately granted, this Court will afford Johnson the option to select the

*CX Reinsurance Company Limited, f/k/a CNA Reinsurance Company Limited v.*
*Devon S. Johnson,* Civil Case No. RWT-15-3132
January 31, 2018
Page 4 of 4

following slight schedule modification:

1. Johnson's pending opposition deadline would move to February 9, 2018;

2. Plaintiff's opposition and reply deadline would move to March 23, 2018; and

3. Johnson's reply deadline would remain April 16, 2018.

Essentially, Johnson would be borrowing one week from his reply period, without modifying Judge Titus's overall schedule. Johnson should advise this Court and counsel by close of business tomorrow, February 1, 2018, if he decides to avail himself of the modified schedule. Otherwise, the schedule set by Judge Titus, [ECF No. 91], will remain intact.

### V. Conclusion

For the reasons discussed above, Johnson's Request for Emergency Relief, [ECF No. 107], is denied. Despite the informal nature of this letter, it will be flagged as an Opinion and docketed as an Order.

            Sincerely yours,

            /s/

            Stephanie A. Gallagher
            United States Magistrate Judge