CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 27, 2018

LETTER TO COUNSEL

      RE:    *CX Reinsurance Company Limited, f/k/a CNA Reinsurance Company Limited v. Devon S. Johnson*; Civil Case No. RWT-15-3132

Dear Counsel:

Presently pending is Defendant Devon S. Johnson's ("Johnson") Motion for Reconsideration [ECF No. 112] of my January 19, 2018 Letter Order ("Order") [ECF No. 104] adjudicating Johnson's motion to compel responses to his document production requests [ECF No. 89]. The Motion has been fully briefed. [ECF Nos. 112, 123, 124]. For the reasons set forth below, Johnson's Motion is DENIED, although the scope of my Order is clarified herein.

The issue presented is not actually one of reconsideration, but one of interpretation of my Order. In the Order, I directed that CX Re produce "documents in its or Pro UK's possession relating to, or alleging, deleterious lead paint conditions at Kirson-insured properties prior to August 1, 1997." [ECF No. 104 at 5]. It is worth noting that the relief granted in the Order precisely tracks the request made by Johnson in the relevant sections of his motion to compel.[1] *See, e.g.*, [ECF No. 89 at 7] (stating in the heading, "CX Re must produce Lead Paint Notice Documents in its and Pro UK's possession because such documents support Johnson's laches and waiver defenses . . . ."); *id.* ("CXRe refuses to produce documents in its and Pro UK's possession . . . ."); *id.* at 5 ("CXRe will not produce documents in Pro UK's or CXRe's possession . . . ."). Elsewhere, in his motion to compel, Johnson unsuccessfully argued that CX Re should produce responsive documents from Pro IS because Pro IS's own knowledge of the lead paint conditions was relevant and would impute actual knowledge to CX Re. *See id.* at 16-22. Now, instead of arguing that Pro IS's knowledge is imputed to CX Re, Johnson's current theory is that Pro IS may possess documents which establish actual knowledge on the part of Pro UK, and that, because Pro IS is an agent of CX Re, such documents fall within CX Re's

---

[1] Johnson's sporadic use of the phrase "and its agents" in his reply memorandum did not effectively clarify that his request was broader than that set forth in the heading of his Motion to Compel. *See* [ECF No. 112 at 2] ("In his Reply, Johnson again made clear that he sought all 'documents and any other information in the possession of CXRe or its agents relating to . . . dangerous lead paint conditions [at Kirson Properties] during the period from 1997-1999.'") (quoting [ECF No. 99 at 1]). In now contending that the Order was "too narrow," Johnson appears to have expected a ruling on an issue that simply was not raised in any discernable fashion. *See Walker v. Prince George's Cty., MD*, 575 F.3d 426, 429 n.1 (4th Cir. 2009) ("Judges are not like pigs, hunting for truffles buried in briefs.") (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

possession, custody, or control. *Compare* [ECF No. 89 at 16-22], *with* [ECF No. 112].

Importantly, my Order did not intentionally limit the scope of production required by Rule 34, which includes responsive documents in CX Re's possession, custody, or control. Because the Order mirrored the language used in Johnson's motion to compel, however, Johnson and CX Re have developed separate interpretations as to its scope. Johnson apparently understood his request, and the ensuing order, to encompass documents within CX Re's possession, custody, or control, while CX Re interpreted the request more literally to exclude "custody or control." In granting the original Order, I did not consider or reach any conclusion about whether documents in the "custody or control" of CX Re (or Pro UK) should be excluded from the requested production. Upon now considering the question, I see no reason to restrict the customary scope of Rule 34. Any documents demonstrating Pro UK's knowledge of lead paint conditions at Kirson-insured properties prior to August 1, 1997, whether in the possession of CX Re or merely in its "custody or control," would be relevant to Johnson's laches defense.

The next issue, then, is whether documents evidencing Pro UK's knowledge that are in Pro IS's possession are within the "custody or control" of CX Re. The documents are within CX Re's "control" if it has the "practical ability" to obtain them from Pro IS. *See Benisek v. Lamone*, 320 F.R.D. 32, 34 (D. Md. 2017) (stating that Fed. R. Civ. P. 34 requires a party to produce relevant documents that are within its "possession, custody, or control" and that documents are within a party's control if it "has the practical ability to obtain the documents from another, irrespective of [its] legal entitlement to the documents.") (citation and internal quotation marks omitted). In determining whether a corporation has control over documents in the possession of another corporation, courts look to factors, including: "(a) commonality of ownership, (b) exchange or intermingling of directors, officers or employees of the two corporations, (c) exchange of documents between the corporations in the ordinary course of business, (d) any benefit or involvement by the non-party corporation in the transaction, and (e) involvement of the non-party corporation in the litigation." *Uniden Am. Corp. v. Ericsson Inc.*, 181 F.R.D. 302, 306 (M.D.N.C. 1998); *see also Steele Software Sys., Corp. v. DataQuick Info. Sys., Inc.*, 237 F.R.D. 561, 564-65 (D. Md. 2006). Importantly, as the party seeking the production of documents from a nonparty, Johnson has the burden of proof and "must provide specific facts demonstrating that some or all of the foregoing factors of control are present." *Steele Software Sys., Corp.*, 237 F.R.D. at 565.

Here, however, CX Re appears to concede that it has the "practical ability" to obtain the requested Pro IS documents. In its Opposition, it stated:

> CX Re would first need to ask Pro IS to assemble and send to CX Re all of the Kirson-related documents . . . . Once CX Re received such documents, its attorneys would then have to analyze them for relevance and privilege. CX Re anticipates that obtaining these documents and preparing them for production would take at least one month.

[ECF No. 123 at 12]. Though acknowledging that it can produce the documents, CX Re argues

that, if ordered to do so, it would incur an undue burden. *See id.* (arguing that "the burden on CX Re of searching for the documents Johnson seeks far outweighs the (non-existent) benefit of those documents to Johnson."). I am not persuaded, however, that CX Re has established undue burden. *See Innovative Therapies, Inc. v. Meents*, 302 F.R.D. 364, 377 (D. Md. 2014) ("The court may restrict the scope of a production request . . . . The burden is on the movant to establish good cause . . . the movant must set forth specific and particular facts, rather than broad conclusory statements as to why a protective order should issue.") (internal quotation marks and citations omitted). CX Re has not proffered the number of records that would need to be searched, reviewed, or produced, or the costs associated therewith. After Pro IS provides CX Re with its documents evidencing Pro UK's knowledge of lead paint conditions at Kirson-insured properties prior to August 1, 1997, if the quantity produced is significant, CX Re will be permitted to renew its argument that analyzing those documents for relevance and privilege will cause it to incur an "undue burden."

Accordingly, while Johnson's Motion for Reconsideration is DENIED [ECF No. 112], my January 19, 2018 Letter Order [ECF No. 104] should be read to require production of responsive documents in the possession, custody, or control of CX Re or Pro UK. CX Re must produce any additional responsive documents within thirty days of this Letter Order. No other deadlines in this case will be modified as a result. Despite the informal nature of this letter, it will be flagged as an Opinion and docketed as an Order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

cc: Judge Roger W. Titus