UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 3, 2018

LETTER TO COUNSEL

      RE:    *CX Reinsurance Company Limited, f/k/a CNA Reinsurance Company Limited v. Devon S. Johnson*; Civil Case No. RWT-15-3132

Dear Counsel:

      This case has been referred to me for discovery disputes and related scheduling matters. [ECF No. 40]. Two motions are presently pending regarding the scope of my prior discovery orders, [ECF Nos. 104, 125]. First, CX Re has objected to producing responsive documents within the possession of Pro IS, Inc. ("Pro IS"), alleging undue burden. [ECF No. 138]. Second, Defendant Devon S. Johnson ("Johnson") and CX Re contest whether CX Re has "control" over responsive documents within the possession of Raphael & Associates ("Raphael"), CX Re's former claims adjuster. *See* [ECF Nos. 132, 136, 139, 140, 142, 145, 150, 151]. I find, however, that the resolution of these issues is best deferred until after the May 10, 2018 hearing on the parties' cross-motions for summary judgment, and Judge Titus's ruling thereon. *See* [ECF No. 128].

      In denying Johnson's motion to suspend briefing on summary judgment because of the pending discovery issues, Judge Titus stated, "The actual legal issue in dispute is the 'alleged material misrepresentations made by Kirson in his insurance application with [CXRe],' and the voluminous record in this case appears to provide ample information for both parties to argue its merits." [ECF No. 135 at 5] (citation omitted). Thus, though Johnson seeks documents from both Pro IS and Raphael that are potentially relevant to his laches defense, Judge Titus is proceeding with his longstanding May hearing date. There is no reasonable expectation that, even if I granted Johnson the relief he now seeks, Pro IS or Raphael could produce the responsive documents prior to the May 10, 2018 hearing. *See* [ECF No. 150] (Johnson stating that, in response to a subpoena in *B&R Management* [a related case], Raphael produced similar documents in approximately two months). Judge Titus can certainly consider, at the hearing, whether he wishes to defer his ruling pending my adjudication of the pending motions and, presumably, the production of responsive documents, if any such production is ultimately ordered. Presently, however, it would make no sense to order production of documents from third parties when, in theory, Judge Titus could grant a dispositive motion while the third parties are undergoing the effort and expense of preparing a response. Accordingly, should Johnson be successful in either: (a) obtaining from Judge Titus a deferral of his ruling on the dispositive motions; or (b) surviving summary judgment, I will, before ruling on these issues, confer with the parties to determine whether I need any additional information.

Despite the informal nature of this letter, it will be flagged as an opinion and docketed as an Order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

cc: Judge Roger W. Titus