# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CX REINSURANCE COMPANY LIMITED,** | * | |
| *Plaintiff* | * | |
| v. | * | Case No. RWT-15-cv-3132 |
| **DEVON S. JOHNSON**, | * | |
| *Intervenor* | * | |

## MEMORANDUM OPINION AND ORDER

Plaintiff CX Reinsurance Company Limited ("CXRe") filed a complaint seeking rescission and other relief as to three commercial general liability policies issued to Defendant Benjamin L. Kirson ("Kirson")—a defendant who was previously dismissed from this case with prejudice. *See* ECF Nos. 1, 17, 81. Intervenor Devon S. Johnson ("Johnson"), having previously won a substantial state judgment against Kirson for injuries sustained from lead paint exposure, was permitted to intervene in order to protect his interests by demonstrating that CXRe's policies remain effective. *See* ECF Nos. 19, 38.

CXRe and Johnson previously filed cross-motions for summary judgment, which were fully briefed, *see* ECF Nos. 79, 121, 124, 130, 161, 162, and argued before this Court at a hearing on May 10, 2018, *see* ECF Nos. 159, 160. Subsequent to that motions hearing, CXRe moved on June 4, 2018 to voluntarily dismiss this action with prejudice pursuant to Rule 41(a)(2). *See* ECF No. 166. In a letter dated June 6, 2018, Johnson informed the Court of his intent to oppose the dismissal of this case. *See* ECF No. 167 (arguing that (1) Johnson had not been paid-in-full, (2) CXRe's proposed dismissal was merely a broad-scale litigation tactic to avoid newly granted discovery disclosures and an adverse judgment by the Court, and

(3) counsel may seek to introduce additional intervenors from a consortium of lead paint victims).

In a letter dated June 8, 2018, CXRe informed the Court that it was willing to stipulate, among others, that (1) "it will not raise rescission as a basis for refusing to defend an action filed by another lead claimant against Kirson," (2) "it will not raise rescission as a defense in any coverage or direct action by or between any lead claimant and CXRe with respect to a Kirson-owned property," and (3) Johnson's acceptance of any payment at this stage would not serve as waiver of any of his rights or constitute an "accord and satisfaction." *See* ECF No. 169. On June 12, 2018, Johnson formally opposed CXRe's Motion to Dismiss. *See* ECF No. 174 (elaborating earlier arguments, and arguing that Johnson would seek attorney's fees after a judicial decision on the merits).

Once an opposing party has filed an answer or motion for summary judgment, and unless all parties consent to dismissal, "an action may be dismissed at the plaintiff's request only by court order, *on terms that the court considers proper*." Fed. R. Civ. P. 41(a)(2) (emphasis added). The Court has broad equitable discretion as to whether to grant a plaintiff's motion for dismissal under Rule 41(a)(2), and may do so unless another party "will be unfairly prejudiced." *See, e.g.*, *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987) ("In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant."). Courts review a variety of factors—typically, case-specific in nature—when determining whether a party would suffer legal prejudice. *See Gross v. Spies*, 133 F.3d 914 (4th Cir. 1998); *e.g.*, *Flath v. Bombardier, Inc.*, 217 F.3d 838 (4th Cir. 2000) (reviewing an "opposing party's effort and expense in preparing for trial," the plaintiff's excessive delay and "lack of diligence," the plaintiff's "explanation of the need for dismissal," and "the present stage of the

litigation"). Furthermore, a "district court [may] impose conditions on voluntary dismissal to obviate any prejudice to the defendants." *See Davis*, 819 F.2d at 1273.

This is a case in which an insurer sought to rescind policies on the basis of material misrepresentations by the insured. Johnson—a claimant against the insured—has a legitimate interest in preserving the policies. However, CXRe seeks to dismiss this case with prejudice and has asserted a willingness to refrain from seeking rescission of the three policies at issue in this litigation—both as a defense in future actions with respect to Kirson-owned properties and as a claim in any future direct suits. *See* ECF No. 169 at 3. The Court finds that dismissal with prejudice that incorporates the proposed stipulations as conditions of approval of the order of dismissal is appropriate, and thus will adopt and include them in the terms and conditions of the Rule 41(a)(2) dismissal.

Johnson urges the Court to deny dismissal on the basis that there is a dispute as to the amount of money CXRe must pay Johnson under the policies (i.e. an apportionment of the state court judgment against Kirson). *See* ECF No. 174 at 20–23. However, this litigation only pertains to the *rescission of the insurance policies*, not the amount of money owed under them. Therefore, Johnson will not be prejudiced by dismissal of this case because it does not impact the underlying tort litigation, and it does not inhibit him from enforcing his state court judgment.

Johnson also urges the Court that "a dismissal at this late stage in the litigation would prejudice Johnson and other lead paint victims and would allow CXRe to circumvent an expected adverse result on summary judgment." *See* ECF No. 174 at 13–20. Due to the late stage of this litigation and the considerable expense expended by the parties, an *unconditional* dismissal arguably might prejudice Johnson. However, CXRe's proposed stipulations would obviate any and all prejudice to Johnson related to the dismissal of this lawsuit. Indeed, CXRe's

3

stipulations are a complete "white flag of surrender" by CXRe on its rescission claims and would represent a resounding victory for Johnson from which no prejudice could result.

Johnson is the only intervenor in this litigation. While his counsel has indicated that additional parties may seek intervention, *see* ECF No. 167 at 4–5, any motion to intervene at this stage would obviously be untimely. However, even if any other lead paint victim from a Kirson-owned property (between 1997 and 2000) were to come forward, his or her interests against rescission of the policies will be completely protected by CXRe's proposed stipulation if incorporated into the Court's order of dismissal. *See* ECF No. 169 at 3 ("[CXRe] will not raise rescission as a basis for refusing to defend an action *filed by another lead claimant against Kirson* . . . [and] will not raise rescission as a defense in any coverage or direct action by or between *any lead claimant and CX Re with respect to a Kirson-owned property*.") (emphasis added).

Johnson's counsel also avers that "while Mr. Johnson is the only intervenor in this action and his motion to intervene was not filed on behalf of a class, he has been serving informally in a representative capacity and a dismissal of this case without a substantive ruling will adversely affect third parties." ECF No. 174 at 18. The conditions in this Court's order of dismissal concerning rescission fully protect any other lead paint victims of Kirson-owned properties. To be sure, the Court is sympathetic to all lead-paint victims, but regardless of whether Johnson's legal fees are being paid by a consortium of victims or a special interest group, his counsel has a duty of loyalty to the client of record *in this litigation*—Johnson. Today's ruling preserves the policies at Kirson-owned properties against any rescission claims, thus freeing Johnson to enforce his judgment under the policies at issue.

Accordingly, it is, this 15th day of June, 2018, by the United States District Court for the District of Maryland,

**ORDERED**, that Plaintiff CXRe's Motion to Dismiss [ECF No. 166] is hereby **GRANTED**; and it is further

**ORDERED**, that Plaintiff CXRe's Amended Complaint [ECF No. 17] is hereby **DISMISSED WITH PREJUDICE** with the costs of this action to be assessed by the Clerk of this Court against the Plaintiff, subject, however, to the following conditions:

1. Plaintiff CXRe is hereby **PROHIBITED** from raising the rescission of the general liability policy covering Kirson-owned properties from August 1, 1997 to August 1, 1998 (Policy No. CNAGL1114-97) as a defense or affirmative claim in any future litigation;

2. Plaintiff CXRe is hereby **PROHIBITED** from raising the rescission of the general liability policy covering Kirson-owned properties from August 1, 1998 to August 1, 1999 (Policy No. CNAGL1241-98) as a defense or affirmative claim in any future litigation;

3. Plaintiff CXRe is hereby **PROHIBITED** from raising the rescission of the general liability policy covering Kirson-owned properties from August 1, 1999 to August 1, 2000 (Policy No. CNAGL1322-99) as a defense or affirmative claim in any future litigation;

4. This dismissal is with prejudice and acts as an adjudication on the merits adverse to Plaintiff CXRe—CXRe is **PRECLUDED** from bringing or defending any claim that was or could have been brought by it in this action;

and it is further

**ORDERED**, that pursuant to paragraph eight of the Court's June 11, 2018 Protective Order [ECF No. 172], Intervenor Johnson is hereby **DIRECTED** to return to CXRe's counsel, by June 18, 2018 at 12:00 p.m., all of the documents that CXRe produced subject to the Court's May 10, 2018 Discovery Order [ECF No. 160], and it is further

**ORDERED**, that because footnote three of Intervenor Johnson's Opposition Memorandum [ECF No. 174] refers to information obtained from protected material under paragraph six of the Court's June 11, 2018 Protective Order [ECF No. 172], Intervenor Johnson is hereby **DIRECTED** to notify the Clerk's office, by June 18, 2018 at 12:00 p.m., that his Opposition Memorandum [ECF No. 174] was filed in error, and that the Clerk's office should mark it accordingly, and it is further

**ORDERED**, that Intervenor Johnson is hereby **DIRECTED** to re-file his Opposition Memorandum, redacting footnote three on page eleven, and filing that footnote under seal, and it is further

**ORDERED**, that the Clerk of this Court is hereby directed to **CLOSE** this case and to terminate all open motions.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE