# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CX REINSURANCE COMPANY LIMITED, | * * * |
| *Plaintiff* | * * |
| v. | * Case No. RWT-15-cv-3132 * |
| DEVON S. JOHNSON, | * * |
| *Intervenor* | * *** |

## MEMORANDUM OPINION AND ORDER

Plaintiff CX Reinsurance Company Limited ("CXRe") filed a complaint seeking rescission and other relief as to three commercial general liability policies issued to Defendant Benjamin L. Kirson ("Kirson")—a defendant who was previously dismissed from this case with prejudice. *See* ECF Nos. 1, 17, 81. Intervenor Devon S. Johnson ("Johnson"), having previously won a substantial state judgment against Kirson for injuries sustained from lead paint exposure, was permitted to intervene in order to protect his interests by demonstrating that CXRe's policies remain effective. *See* ECF Nos. 19, 38.

After cross-motions for summary judgment had been fully briefed and argued, *see* ECF Nos. 79, 121, 124, 130, 159, 160, 161, 162, but before a final ruling had been made by the Court, CXRe moved on June 4, 2018 to voluntarily dismiss this action with prejudice pursuant to Rule 41(a)(2), *see* ECF No. 166. On June 12, 2018, Johnson formally opposed CXRe's Motion to Dismiss. *See* ECF No. 174. On June 15, 2018, the Court dismissed the instant action, while imposing as conditions of dismissal that CXRe was prohibited from raising the rescission of its three general liability policies covering Kirson-owned properties as a defense or affirmative claim in any future litigation. *See* ECF No. 180.

Subsequently, on July 27, 2018, Johnson moved the Court to alter or amend its judgment [ECF No. 180] to incorporate an additional condition of dismissal, *see* ECF No. 191-1 at 11–12, and to alter or amend an earlier Memorandum Opinion from November 13, 2017 [ECF No. 94] to remove any resolution on Johnson's status as a third-party beneficiary to Kirson's insurance contract, *see* ECF No. 191-1 at 12–15. On July 27, 2018, CXRe responded in opposition to Johnson's Motion. *See* ECF No. 192.

With regard to Johnson's first request, the origin of the Court's conditions of dismissal were from a letter dated June 8, 2018, in which "CXRe informed the Court that it was willing to stipulate, among others, that (1) 'it will not raise rescission as a basis for refusing to defend an action filed by another lead claimant against Kirson,' (2) 'it will not raise rescission as a defense in any coverage or direct action by or between any lead claimant and CXRe with respect to a Kirson-owned property,' and (3) Johnson's acceptance of any payment at this stage would not serve as waiver of any of his rights or constitute an 'accord and satisfaction.'" *See* ECF No. 180 at 2 (quoting ECF No. 169). The Court deemed the first two proposed stipulations as pertinent and incorporated them into the dismissal order to prevent any prejudice to Johnson.

The Court's exclusion of the "accord and satisfaction" language was not an "oversight" as Johnson now contends, *see* ECF No. 191-1 at 12, but rather, a fair and adequate resolution to a case exclusively involving an insurer seeking to rescind policies on the basis of material misrepresentations by the insured—and nothing else. *See* ECF No. 180 at 3. ("[T]his litigation only pertains to the *rescission of the insurance policies*, not the amount of money owed under them."). Whether Johnson now regrets declining CXRe's original proposal is of no concern, and the Court sees no reason why it should revise the dismissal order in this case.

With regard to Johnson's second request, the Court likewise sees no reason to change course. Johnson fears that CXRe will use this Court's prior determinations[1] to preclude him from raising third-party beneficiary claims in the future. *See* ECF No. 191-1 at 1–2. In asserting this position, Johnson argues that Judge Bredar's recent opinion in *Leader* disavows his decision in *Levitas*—an opinion that Johnson proffers was the basis for this Court's finding that he was not a third-party beneficiary to Kirson's insurance contract. *See id.* at 12–15 (opining that Judge Bredar's opinion qualifies as "an intervening change in controlling law" as required for a motion brought under Rule 59(e)). The Court simply disagrees that any single opinion within this district is "an intervening change in controlling law" with regard to Maryland contract law.

Furthermore, Johnson's fears with regard to claim preclusion are all for naught. While the Court has definitively viewed Johnson as "a claimant against the insured" with "a legitimate interest in preserving the policies," *see* ECF No. 180 at 3, the Court has never made a final determination as to whether Johnson is a third-party beneficiary. Denial of the temporary restraining order was not a fundamental ruling on Johnson's theory of liability, it merely adjudged Johnson's likelihood of success in preventing rescission of the insurance policies at issue—a success Johnson achieved nevertheless. *See* ECF No. 46.

Furthermore, *res judicata* only precludes claims that were brought or could have been brought in the first lawsuit. *See generally Bouchat v. Bon-Ton Dep't Stores, Inc.*, 506 F.3d 315, 326–27 (4th Cir. 2007). This theory of claim preclusion requires a "common nucleus of operative facts," which essentially means a nexus to the facts from which the cause of action arises. *See id.* at 327–29. While denial of Johnson's Motion to Amend his Answer did prevent

---

[1] *See* ECF No. 46 at 2–3 (denying a Temporary Restraining Order partially on the basis that Johnson failed to "establish[] that he is an intended third-party beneficiary of the insurance contract"); ECF No. 94 at 3 (rejecting as futile and prejudicial Johnson's Motion to Amend his Answer to add a counterclaim for declaratory judgment that he is a third-party beneficiary to Kirson's insurance contract).

3

him from adding a counterclaim seeking declaratory judgment as a third-party beneficiary, *see* ECF No. 94, that counterclaim had as much relevance to the disposition of this case as one seeking declaratory judgment that Johnson's name was, in fact, Johnson. As this Court has repeatedly maintained, "[t]his is a case in which an insurer sought to rescind policies on the basis of material misrepresentations by the insured." *See, e.g.*, ECF No. 180 at 3. Whether Kirson lied in his insurance application and whether and when CXRe discovered those lies *is the nucleus of facts for this case*. Indeed, Johnson served as an intervenor, but whether he was merely an interested party or a contractual third party beneficiary was never fully adjudged and certainly was not within the aforementioned factual nucleus. Therefore, although the Court finds no reason to amend its earlier opinions, it also does not believe that Johnson is precluded from raising this or any other alternative theories of liability in the future.

Accordingly, it is, this 3rd day of August, 2018, by the United States District Court for the District of Maryland,

**ORDERED**, that Intervenor Johnson's Motion to Alter or Amend Judgment and to Modify Court's Orders [ECF No. 191] is hereby **DENIED**.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE