IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CX REINSURANCE COMPANY LIMITED, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No.: RWT-15-3132 |
| DEVON S. JOHNSON, | * | |
| Defendant. | * | |

## REPORT AND RECOMMENDATIONS

On July 11, 2018, the above-referenced case was referred to me to review the parties' pending motions for attorneys' fees and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301 and 302. [ECF 190]. For the reasons set forth below, I recommend that Johnson's Motion for Attorneys' Fees, [ECF 188], be denied as untimely, and that CX Reinsurance Company Limited's ("CX Re's") Conditional Motion for Attorneys' Fees, [ECF 189], be denied as moot.

### I. Procedural History

On June 15, 2018, United States District Judge Roger W. Titus granted CX Re's Motion to Dismiss this case. [ECF 180]. On June 18, 2018, Johnson filed a Motion for Modification of Judge Titus's order. [ECF 182]. Judge Titus denied that motion on June 20, 2018. [ECF 185]. On July 3, 2018, Johnson filed a Motion for Attorneys' Fees ("Johnson's Motion"). [ECF 188]. CX Re filed a Conditional Motion for Attorneys' Fees on July 5, 2018, which it requested the Court to consider only if Johnson's Motion was considered on its merits. [ECF 189]. On July 13, 2018, Johnson filed a Motion to Alter/Amend Judgment and to Modify Court's Orders. [ECF 191]. Judge Titus denied that motion on August 3, 2018. [ECF 195].

1

On August 24, 2018, I suspended briefing on CX Re's Conditional Motion for Attorneys' Fees, pending the resolution of CX Re's argument that Johnson's Motion for Attorneys' Fees was not timely filed. [ECF 200, 204]. At my direction, CX Re filed a Partial Opposition to Johnson's Motion on September 18, 2018, and Johnson filed a Partial Reply Memorandum on October 16, 2018. [ECF 205, 208]. CX Re then filed a Motion for Leave to File Surreply on October 17, 2018. [ECF 209]. I granted that motion on November 1, 2018, and have considered all of the filings, including the surreply, in making these recommendations.

## II. Johnson's Motion is Untimely

Local Rule 109.2(a) states that "any motion requesting the award of attorneys' fees must be filed within fourteen (14) days of the entry of judgment." Johnson argues that the fourteen-day deadline should be measured from Judge Titus's denials of his post-judgment motions, rather than his June 15, 2018, dismissal of the case. Def. Partial Reply 3-13. Nothing in the Local Rules suggests that the deadline for filing a motion for attorneys' fees is stayed when a party files a post-judgment motion. In fact, the plain language of Local Rule 109 suggests otherwise. Local Rule 109.1 states that the deadline for filing a bill of costs is "within fourteen (14) days of the entry of judgment, or of the entry of an order denying a motion[] filed under Fed. R. Civ. P. 50(b), 52(b), or 59." The wording of Local Rule 109.1 strongly suggests that the phrase "entry of judgment" in Local Rule 109.2, standing alone without a similar reference to post-judgment motions, is intended to mean the actual entry of judgment.

Consistent with the plain language of Local Rule 109.2, courts in this jurisdiction have held that the period for filing a motion for attorneys' fees under the Local Rule runs "from the date of entry of the primary judgment . . . [rather than] post-verdict motions." *Jackson v. Beard*, 828 F.2d 1077, 1078 (4th Cir. 1987); *First Penn-Pac. Life Ins. Co. v. William R. Evans,*

*Chartered*, 659 F. Supp. 2d 727, 729 (D. Md. 2009) ("*Evans I*"); *First Penn-Pac. Life Ins. Co. v. William R. Evans, Chartered*, Civil No. WDQ-05-0444, 2010 WL 610880, at *2-3 (D. Md. 2010) ("*Evans II*"); *see also Levin v. Septodont, Inc.*, No. CIV.A. WMN-99-647, 2001 WL 224834, at *1 (D. Md. 2001) (reaching the same conclusion but based on a previous version of the Local Rule which stated that the motion for attorneys' fees "may be supplemented to request fees for any work done thereafter in connection with any post-trial motion"), *vacated on other grounds*, 34 F. App'x 65 (4th Cir. 2002) (unpublished). Johnson argues that the alteration of the Local Rule after *Levin* supports his position, because the Local Rule no longer references supplementation to the motion for attorneys' fees for work done on post-trial motions. Def. Partial Reply 9-10. Although the amendment to the Local Rule somewhat diminishes *Levin*'s persuasiveness in this case, the Fourth Circuit's decision in *Jackson,* 828 F.2d at 1078, was based on nearly identical language to the Local Rule currently in effect.[1] *See Evans I*, 659 F. Supp. 2d at 729. Therefore, the post-*Levin* reversion of the Local Rule to language similar to the *Jackson*-era Local Rule does not necessarily support Johnson's position.

Johnson's reliance on *Cross v. Bragg*, 329 F. App'x 443 (4th Cir. 2009) (unpublished), is misplaced for the reasons explained by United States District Judge William D. Quarles, Jr., in *Evans II*, 2010 WL 610880, at *2-3. The Fourth Circuit held in *Cross* that a motion for attorneys' fees was not untimely, where the district court order preceding the motion did not decide all of the issues in the case. *Cross,* 329 F. App'x at 458; *Evans II*, 2010 WL 610880, at *2-3. Here, unlike in *Cross*, Judge Titus disposed of all issues in his June 15, 2018, order of

---

[1] Compare Local Rule 109.2(a) (2016) ("Unless otherwise provided by statute, L.R. 109.2.c, or otherwise ordered by the Court, any motion requesting the award of attorneys' fees must be filed within fourteen (14) days of the entry of judgment."), with Local Rule 23A (1986) ("Except as otherwise provided by statute, or Local Rule 23B or ordered by the Court, a motion for attorney's fees claimed by a prevailing party and/or such party's attorney must be filed by said party or attorney within 20 days of the entry of judgment.").

dismissal. [ECF 180]. Moreover, as Judge Quarles explained, *Cross* did not discuss the *Jackson* decision, and thus "did not represent an intervening change in the law." *Evans II*, 2010 WL 610880, at *3.

Johnson's discussion of *Don Roos Construction Co. v. Fieldstone Cabinetry, Inc.*, 916 F. Supp. 544 (D. Md. 1996), is unavailing on this point. The issue in that case, whether an order of remand to a state court is considered a "judgment," does not bear on whether a post-judgment motion alters the deadline for a fee petition under the Local Rule.

Johnson argues that CX Re's interpretation of the Local Rule would put the rule in conflict with Federal Rule of Civil Procedure 54 ("Rule 54"). However, Rule 54 states that, "[u]nless a statute or a *court order provides otherwise*, the motion [for attorneys' fees] must be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B) (emphasis added). Local rules are construed as standing orders of the district court. *Evans I*, 659 F. Supp. 2d at 730 (citing *Planned Parenthood of Central N.J. v. Attorney Gen.*, 297 F.3d 253, 260 (3d Cir. 2002); *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1335 (11th Cir. 2001); *Walker v. City of Bogalusa*, 168 F.3d 237, 239 (5th Cir. 1999); *Eastwood v. Nat'l Enquirer, Inc.*, 123 F.3d 1249, 1257 (9th Cir. 1997); *Johnson v. Lafayette Fire Fighters Ass'n Local 472*, 51 F.3d 726, 729 (7th Cir. 1995)). The Local Rule does not conflict with Rule 54, because Rule 54 allows courts to modify the deadline for motions for attorneys' fees. Because Rule 54 and the Local Rule do not need to impose a uniform deadline, the interpretations of Rule 54 cited by Johnson, including the Fourth Circuit's unpublished decision in *Barghout v. Bureau of Kosher Meat & Food Control*, 141 F.3d 1157 (4th Cir. 1998) (unpublished table decision), do not control the Court's interpretation and application of its Local Rule. *Evans I*, 659 F. Supp. 2d at 730 n.4. Accordingly, I am persuaded that the existing language of Local Rule 109.2 requires

a fee petition to be filed within fourteen days of the entry of judgment, whether or not a post-judgment motion is filed. Johnson's motion was therefore untimely.

**III.     Johnson's Untimeliness Was Not Due to Excusable Neglect**

Johnson next argues that, if his Motion was untimely, the court should extend the deadline, because his untimeliness was due to excusable neglect. Where a party moves to toll the filing period after the deadline has passed, Federal Rule of Civil Procedure 6 provides that, "the court may, for good cause, extend the time . . . if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). Neglect is defined as "to leave undone or unattended to esp[ecially] through carelessness." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993). "Whether neglect is 'excusable' has been described by the Supreme Court as 'at bottom an equitable [inquiry], taking account of all relevant circumstances,' including the following: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith." *Fernandes v. Craine*, 538 Fed. App'x 274, 276 (4th Cir. 2013) (quoting *Pioneer*, 507 U.S. at 395 (1993)). The Fourth Circuit has "stressed that the third *Pioneer* factor—the reason for the delay—is the 'most important.'" *Id.* (quoting *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996)). Excusable neglect is only meant to be invoked in extraordinary cases to avoid injustice, and is not meant to be easily demonstrated. *Thompson*, 76 F.3d at 534 (citing advisory committee notes to 1964 Fed. R. Civ. P. 73(a)). "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect." *Pioneer Inv. Servs. Co.*, 507 U.S. at 392 (internal quotations omitted).

CX Re concedes that three of the *Pioneer* factors do not weigh in its favor, because

5

"[o]nly in rare circumstances" could a party opposing a motion for attorneys' fees show danger of prejudice, delay in judicial proceedings, or bad faith by the movant. Pl. Partial Opp'n 4. With regards to the crucial factor, "the reason for delay," Johnson argues the delay occurred because the interpretation and application of the Local Rule is "[a]t a minimum . . . uncertain."[2] Def. Partial Reply 15. However, as noted above, judges in this Court have held, without exception, that the fourteen days runs from the date of judgment, not from post-judgment motions. *Jackson*, 828 F.2d at 1078; *Evans I*, 659 F. Supp. 2d at 729; *Evans II*, 2010 WL 610880, at *2-3; *see Levin*, 2001 WL 224834, at *1.

Johnson argues that the finding of excusable neglect under similar circumstances in *Evans II*, 2010 WL 610880, at *3-4, supports a finding of excusable neglect in this case. Def. Partial Reply 16. CX Re points out that counsel for Johnson also represented the defendant in *Evans I* and *Evans II*. Pl. Partial Opp'n 6. The briefs that counsel filed in *Evans I* and *Evans II* advance essentially the same arguments contained in Johnson's Partial Reply in this case. *Compare* Def. Partial Reply at 3-17 *with* Corrected Reply Mem. in Supp. of Renewed Pet. For Att'ys Fees at 2-7, *Evans I*, 659 F. Supp. 2d 727 (Civil No. WDQ-05-0444) [ECF 111], and Def. Mot. to Alter or Amend J. Under Fed. R. Civ. P. 59(e) at 5-13, *Evans II*, Civil No. WDQ-05-0444 [ECF 120]. There have been no notable developments on this issue in the eight years since Judge Quarles ruled, in a case involving Johnson's counsel, that the enactment of Rule 54 and *Cross* do not alter the interpretation of the Local Rule. If Johnson's counsel wished to advance the argument that Judge Quarles reached an erroneous result in *Evans I* and *Evans II*, they could have filed a request for an extension of time, incorporating that argument, before the fourteen-

---

[2] Counsel for Johnson emailed CX Re on June 30, 2018, writing that "we concluded that the deadline is based on the Court's June 20, 2018 denial of our motion for modification, not the date of the original order, so we have a few extra days." Pl. Partial Opp'n 1-2. It is evident, therefore, that Johnson's counsel made an intentional decision to delay filing his fee petition.

day deadline had passed. Doing so would have allowed the Court to evaluate the argument for an extension, without requiring a finding of excusable neglect. *See* Fed. R. Civ. P. 6(b)(1) (only requiring excusable neglect when the extension is requested after the time has expired). Instead, Johnson not only waited until after the deadline passed, but did not even address the issue of timeliness in his Motion for Attorneys' Fees, [ECF 188]. Johnson's decision to reiterate the arguments his counsel made unsuccessfully to Judge Quarles in *Evans II* is a litigation strategy, not an example of excusable neglect. Accordingly, I recommend that Johnson's motion be denied as untimely filed.

## IV. CX Re's Motion

CX Re conditioned its Motion for Attorneys' Fees, [ECF 189], on the timeliness of Johnson's Motion. Therefore, the denial of Johnson's Motion would render CX Re's Conditional Motion moot, and I recommend that it also be denied.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that:

1. the Court **DENY** Johnson's Motion for Attorneys' Fees [ECF 188]; and

2. the Court **DENY** CX Re's Conditional Motion for Attorneys' Fees [ECF 189] as moot.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de*

*novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.


Dated: November 5, 2018 /s/
Stephanie A. Gallagher
United States Magistrate Judge